## MICKLER v. STATE ROAD DEPARTMENT.

Industrial Commission.

May 21, 1956.

Halley B. Lewis, Arcadia, for claimant.

E. P. Barber, Tallahassee, for the employer.

Chairman JAMES T. VOCELLE, commissioners WALTER L. LIGHTSEY and JAMES CAMERON participated in the disposition of this application for review.

BY THE COMMISSION.

This cause came on to be heard on the claimant's application for review of a deputy commissioner's order dated March 21, 1956 denying a petition for modification of an order dated July 29, 1955, and claimant's petition for extension of time for the filing of the transcript of evidence.

On May 8, 1956 the deputy filed a certificate in this cause certifying that claimant had not made a deposit for the preparation of the transcript of evidence or filed an affidavit of insolvency within the time allowed under provisions of rule 6(b) of the commission's rules of procedure in workmen's compensation cases [4 Fla. Supp. at p. 237].

The file reveals that the deputy notified claimant's attorney by letter dated April 11, 1956 of the costs required for preparation of the transcript.

On May 15, 1956 claimant's attorney filed in the cause a petition for extension of time for preparation of the transcript, the petition also alleging claimant's financial inability to pay the costs of preparing same.

Rule 6(b) of our rules of procedure provides, in part, as follows —"(b) Within ten days after the filing of the application for review, the Deputy Commissioner shall notify the applicant of the amount of costs required for the preparation of the transcript . . .

and *the applicant shall, within twenty days thereafter,* deposit with the Deputy Commissioner òr the official reporter the sum so re- quired. Upon failure of the applicant to make the deposit required by the Deputy Commissioner, the Deputy Commissioner shall cer- tify such fact promptly to the Commission *and application for re- view shall thereupon stand dismissed by appropriate order."* (Em- phasis supplied).

Rule 6(c) provides, in part—"(c) The applicant for review may be relieved of making a deposit and paying the cost for the prepara- tion of the transcript . . . required under paragraph (b) of this Rule, *provided he files a verified petition attesting to his financial inability to bear the cost thereof with the Deputy Commissioner within ten days after delivery of notice by the Deputy Commis- sioner . . ."* (Emphasis supplied).

In Mosely v. Chase & Co., claim #U-40047, decision #2-395 (February 1956), we discussed the questions whether a deputy had the power (1) to extend the time for deposit of costs of preparing a transcript of evidence, or (2) to extend the time limitations im- posed on a claimant to petition for relief from the payment thereof.

In the Mosely case we stated—"There is nothing in rule 6(b) giving the deputy the power to extend the time for depositing the costs of preparing the transcript of testimony. It is patent that it is mandatory for an applicant to deposit the costs 'within twenty days' after having been notified of same by the deputy unless he has been relieved therefrom pursuant to rule 6(c). By the same token the provisions of rule 6(c) are also mandatory and the deputy does not have the power to extend the time of filing a verified pe- tition attesting to financial inability to bear the cost. * * * We are also of the further opinion that under the provisions of rule 6(c), the ten-day period for filing an 'insolvency' petition is mandatory and is not subject to an extension of time by a deputy commis- sioner."

Claimant bases his petition for extension of time within which to file the transcript on section 440.25 (4) (b), Florida Statutes 1955, which provides—"The appellant shall have prepared, *in ac- cordance with such rules as the commission may prescribe,* a tran- script of the proceedings before the deputy commissioner, certified by the deputy commissioner, which transcript must be filed with the full commission within 45 days from the date of the filing of the application for review, unless the commission for good cause shown by verified petition presented prior to the expiration of said period shall extend the time therefor . . ." (Emphasis sup- plied).

Claimant's petition was presented prior to the expiration of 45 days from the date of the filing of the application for review, but even if the petition had shown good cause for extending the time for filing the transcript, no purpose would be served by now extending such time—because it is mandatory that the application for review be dismissed in view of the applicant's failure to make the deposit required by rule 6(b), supra, the claimant having failed to seek relief from making such deposit within the time allowed by rule 6(c).

The authority granted the commission under section 440.25(4)(b) for good cause shown to extend the time for *filing* the transcript is primarily intended to allow for such contingencies as illness of the reporter, preventing completion of the transcript within the period specified. This authority does not supersede or conflict with the mandatory provisions of rules 6(b) and 6(c), prescribed by the commission pursuant to specific mandate of this same section 440.25(4)(b).

Good cause has not been shown for an extension of time for filing the transcript. Claimant failed to comply with provisions of rule 6(b), likewise failed to petition the deputy for relief from payment of the deposit under rule 6(c) within the allowed time.

The petition for extension of time for filing the transcript is denied. The application for review is dismissed.